The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 3, 2013, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: January 3, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-18448 |
| | ) | |
| WILLIAM D. HALL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on two motions by the debtor's former counsel, Ronald E. Henderson ("former counsel") – the motion to modify the joint stipulation awarding former counsel's attorney's fees (Docket #335) and the motion to clarify or modify the debtor's confirmed plan of reorganization regarding the payment of former counsel's attorney's fees (Docket #354). The debtor, through new counsel, opposes both motions. For the reasons that follow, the motions of former counsel are denied.

---

[1] This opinion is not intended for official publication.

## JURISDICTION

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L), and (O). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Orders 84 and 2012-7 of the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2011, former counsel filed an application for compensation (Docket #302) requesting attorney's fees in the sum of $196,578.68, representing services provided in the sum of $217,578.68 minus the retainer received in the sum of $21,000.00. The United States Trustee objected to former counsel's application. On September 21, 2011, former counsel and the United States Trustee filed a joint stipulation agreeing to the award of attorney's fees in the sum of $192,092.50. On October 3, 2011, pursuant to the joint stipulation, the Court awarded former counsel attorney's fees in the sum of $192,092.50, plus expenses in the sum of $7,079.25. During the month of October, 2011, the debtor paid former counsel $125,011.00 of the attorney's fees owed.

On July 26, 2012, former counsel filed a motion to modify the joint stipulation agreeing to the award of his attorney's fees (Docket #335). In the motion, former counsel stated that he incorrectly indicated in his application for

2

attorney's fees that he received a retainer of $21,000.00 and asserted that he actually received only a retainer of $10,000.00 for this case. On August 7, 2012, the United States Trustee objected to former counsel's motion to modify the joint stipulation (Docket #344), and on August 9, 2012, the debtor through new counsel also objected to former counsel's motion (Docket #347).

On August 31, 2012, former counsel filed a motion to modify the debtor's confirmed Chapter 11 plan of reorganization with regard to payment of his attorney's fees (Docket #354). The debtor though new counsel objected (Docket #356), and argued that former counsel lacks standing to move for modification of the confirmed Chapter 11 plan, and in the alternative, the debtor desires to propose his own modification of the plan.

On September 11, 2012, the Court heard oral argument and gave the parties until October 23, 2012, to work out a mutual resolution on their own. The Court indicated that if no agreement was reached, the Court would take the matter under advisement and either designate the motions for mediation through the District Court's Alternative Dispute Resolution process or decide the motions itself. Given the opposition to mediation by former counsel, the Court is reluctant to set the matter for mediation. Rather, the Court will rule on the motions before it.

DISCUSSION

With respect to former counsel's motion to modify the joint stipulation agreeing to the award of former counsel's attorney's fees, the Court declines to modify the joint stipulation. The joint stipulation resolved the United States Trustee's objection to what former counsel believed was his final fee application. When former counsel filed the fee application on July 28, 2011, he included a detailed calculation of the fees owed. In the joint stipulation, the United States Trustee and former counsel agreed to reduce the fee by $5,981.95, with total fees to be awarded in the amount of $192.092.50. On July 26, 2012, former counsel moved to modify the joint stipulation because he believed there was a $10,000 math error.

Rule 60(b) of the Federal Rules of Civil Procedure, applicable to this matter under Bankruptcy Rule 9024, provides in pertinent part, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). The Court finds that cause does not exist to modify the joint stipulation. Even if the $10,000 math error is correct, former counsel is responsible for preparing and reviewing his own fee application. For former counsel to raise this

4

purported error in his own fee application almost a year after submitting it to the Court is not a sufficient ground to modify the stipulation under Bankruptcy Rule 9024 or analogous provisions.

With respect to former counsel's motion to clarify or modify the debtor's plan of reorganization regarding the payment of former counsel's attorney's fees, to the extent that former counsel seeks modification of the debtor's confirmed plan, the motion lacks merit. Modification of a confirmed Chapter 11 plan is governed by § 1127(b) and (e) and Bankruptcy Rule 3019(b). Former counsel lacks standing to modify the plan under § 1127(b) because he is not the proponent of the plan or the reorganized debtor. *See* 11 U.S.C. § 1127(b).

It is unclear whether former counsel has standing to modify the plan under § 1127(e) either. Even if former counsel does qualify as one of the enumerated parties who may request a modification of the plan under § 1127(e), former counsel's motion must be denied because he failed to comply with the procedural requirements in Bankruptcy Rule 3019(b). Bankruptcy Rule 3019(b) provides that a request to modify a confirmed Chapter 11 plan "shall be filed together with the proposed modification." Here, former counsel requests the plan to be modified to provide a date by when the debtor's properties must be sold and by when administrative fees must be paid to Class 1 holders; however, former counsel does

not provide any specific language for the requested modification nor any specific time limits for selling properties and paying administration fees to Class 1 holders.

In addition, the equities in this case do not support modification of the debtor's plan. Approximately two years after the plan was confirmed, former counsel now seeks to modify terms that he himself drafted.

To the extent that former counsel's motion merely seeks clarification of the plan's terms as to the payment of attorney's fees, the Court believes that further clarification is unnecessary. The confirmed plan indicates that former counsel will be paid when properties have been sold. Hence, if properties have not yet been sold, then former counsel is not yet entitled to payment.

If former counsel believes that delay in selling properties is delaying his right to be paid, former counsel is himself partly responsible for the situation. After all, he was the one who agreed to be paid within 30 days after the sale of the properties. To the extent that this delay constitutes a material default with respect to the confirmed plan, or other cause for conversion or dismissal, former counsel can always file a motion under § 1112(b) and Bankruptcy Rule 1017; however, such a motion is not before the Court. Accordingly, the motions of former counsel are denied.

## CONCLUSION

For the foregoing reasons, both motions of former counsel – the motion to modify the joint stipulation awarding former counsel's attorney's fees (Docket #335) and the motion to clarify or modify the debtor's confirmed plan of reorganization regarding the payment of former counsel's attorney's fees (Docket #354) – are denied.

IT IS SO ORDERED.